IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ALLEN YOUNG #1412493 | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:11cv596 |
| OFFICER CHERISE ALLEN | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Allen Young, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit is assigned by consent to the docket of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c). Allen originally named only Cherise Allen as a defendant, although he has indicated that he wishes to add Major Kazmierczak and Warden Seale to the lawsuit as defendants as well.

An evidentiary hearing was conducted on January 19, 2012, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). At this hearing and in his complaint, Young stated that he is "transgendered"; in his memorandum of law, he calls himself a "hermaphrodite." He says that he was born with both male and female sex organs, but the female organ was "sewn up long ago." He indicates that he was housed with female inmates in the county jail, but he is with male inmates in the penitentiary.

Every morning, Young says, the guards go by and ask the inmates in his housing area if they want to shower. On June 25, 2011, the date of the incident in question, the inmate in the cell next door refused his shower, but then went to shower anyway. When Allen came back from her break, she got mad that the other inmate was in the shower after refusing and took out her anger on Young. Young says in a grievance that Allen told Officer Sutton that "they are on my flip side now" and walked past Young's cell. When she did so, Young asked about his shower, and Allen said that he

would get his shower on the next shift, after 2:00 p.m. Young asked why, and Allen replied "because I don't like y'all's faggot ass."

Young reminded her that he had nothing to do with the other inmate's shower and asked to see a ranking officer, but Allen refused to call one. Young said that he had a right to see a ranking officer when he had a problem and Allen replied that she ran things in that area and Young was not going to see a ranking officer. He then asked Officer Sutton, who said that he would see what he could do.

When nothing happened, Young says that he did the only thing he could do to get help, which was to bang his locker. At the hearing, Young testified that Allen threw a pitcher of water on him and spat on him, saying "here's your shower." [1]Young called for Sutton and told him that he wanted to file assault charges on Allen, and Sutton said that he would notify someone. Just then, Allen came around the corner and said that Young could not file on her because no one would believe him. She called him a "nasty faggot" and spat on him. Young called out to Sutton again, who replied that he had notified Lt. Stanhope and a sergeant.

However, Young says, no one ever came to take pictures of the water on the floor inside and outside of his cell, or the water on his clothes. Instead, the water was cleaned up and nothing was done to investigate the assault. Young says that when he filed his grievance, Allen denied everything, but the officer refused to take a polygraph.

When asked what injury he had suffered, Young explained that he was in protective custody to be protected, and "to have an officer do this is a threat." He said that she has also been threatening him in other ways, such as tampering with his food. He said that he talked to the psych department, but they told him to file grievances, which Young says is "what they always say." Similarly, Young complained that the Office of the Inspector General didn't do any kind of investigation, but just told him that the officer denied the allegations. He complained that nobody took any kind of steps to

---

[1]In his grievance, Young says that the spitting occurred after he complained to Sutton.

protect him, and stated that he wished to amend his complaint to add Major Kazmierczak and Warden Seale for failing to protect him.

In the proposed amended complaint, which Young filed a motion for leave to file, he says that Kazmierczak and Seale continue to allow Allen to work in Young's housing area, allowing her to continue threatening him. He says that Allen threatens him by saying that she will spit in his food or poison it, and that "no one will be the wiser and they will never listen because I am in prison." In addition, Young says that Seale and Kazmierczak both threatened him by saying that if he pursued the lawsuit, he would be punished, and they would make his life difficult.

## The TDCJ Records

The Court has received and reviewed certified, authenticated records offered at the evidentiary hearing. In reviewing these records, Young's pleadings and testimony will be taken as true, and these records disregarded to the extent that they factually contradict Young's claims.

As noted above, Young filed a grievance about the incident. The response to the Step One grievance says that Allen provided a written statement denying his allegations and saying that she did not throw anything into his cell. Witness statements were obtained which did not corroborate Young's allegations. A copy of the grievance was referred to the Office of the Inspector General which decided not to open a case.

In his Step Two grievance, Young complains that he was assaulted by Allen and Lt. Stanhope was notified, but refused to come to the housing area and take pictures. He says that the witness statements by officers are naturally going to corroborate Allen, but OIG should not make its decision based solely on what the officers say. He complains that "this was a completely prejudiced investigation" and that it is his legal right to press charges and seek an investigation, because it is his right as an inmate in protective custody to be free from assault. He complains that his life is in danger at the Powledge Unit as a result of this, and that he will continue to be in danger until the matter is resolved and criminal charges filed against Allen. The response to the Step Two grievance

appeal was that the grievance was reviewed and evaluated by the Office of the Inspector General and there is insufficient evidence to warrant an OIG investigation.

Young's outpatient mental health records for June 27, 2011, indicate that he was interviewed after receiving a disciplinary case in order to ensure that he was housed in the appropriate setting. The record notes that Young received disciplinary cases for refusing to obey an order and creating unnecessary noise. Young stated that "I asked to speak to rank and she refused to get them. I did what I knew to do to get rank." He went on to state that the security officer had "assaulted him by squirting him with water." Beyond this entry, Young's medical records contain no mention of the incident, much less any injuries resulting from it. He filed a sick call request on June 27, two days after the incident, saying that he wanted to talk to the nursing staff about a transfer to a unit where he could receive hormone replacement therapy. He was seen by the nursing staff for this request on June 30, 2011. Neither the sick call request nor the nurse's notes from the visit contain any mention of the June 25 incident.

The disciplinary case given to Young charges him with failing to obey an order to stop yelling and that he created unnecessary noise by banging the lid to his storage box. Officer Sutton wrote a statement saying that Young demanded to shower "right now" and when Allen told him that they would shower him "in a minute," Young cursed at her and told her that he was going to shower right then. When he did not get to shower, he began banging his cell locker door.

Young wrote a statement in the disciplinary case saying that Allen told him he would get his shower next shift and when Young asked why, Allen said "because I don't like y'all's faggot-ass games." Young said that he did not have anything to do with Austin's shower and that Allen should not take it out on him. Young then asked to see rank and Allen told him that "she ran things back there." Young asked Sutton, who said that he would "see what he could do," but when nothing happened, Young says that he started to do the only thing he could do, which was to bang his locker. Allen then threw a pitcher of water on him. Young yelled for Sutton and said that he wanted to file assault charges on Allen.

As Sutton left to call for assistance, Allen came back and said that Young could not file assault charges on her, that no one would believe him, and that he was a "nasty-ass faggot." She then spat on him, so he yelled to Sutton again. Sutton said that he had called Lt. Stanhope. However, Stanhope refused to come investigate, but instead "helped to conceal the evidence" by not taking pictures.

An inter-office communication (IOC) dated June 29, 2011, states that an investigation was done into the incident. Lt. Plentl interviewed Young on June 28. The IOC says that Young told Plentl that Officer Allen argued with him and "spit from her mouth landed on Young." Allen denied throwing water or spitting, and Sutton said that Allen did not throw water on Young. Another inmate told Plentl that Allen did not throw water on Young, but that an inmate named Burns told Young to file a false life endangerment charge against Officer Allen so she would not be put back in administrative segregation any more. Immediately after Burns said this, Young began alleging that Allen threw a substance on him and assaulted him. As stated above, Young's testimony will be taken as true and any records which factually contradict Young's testimony will be disregarded.

Legal Standards and Analysis

Young's complaint is that Officer Allen assaulted him by throwing a pitcher of water on him and spitting on him. Where an inmate complains that excessive force was used upon him, the core judicial inquiry is whether force is applied in a good-faith effort to maintain or restore disciplinary, or maliciously and sadistically to cause harm. Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010) (*per curiam*). The Supreme Court went on to observe that "not every malevolent touch by a prison guard gives rise to a federal cause of action," explaining that "the Eighth Amendment's prohibition of 'cruel and unusual punishment' necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the force is not of a sort repugnant to the conscience of mankind." Wilkins, 130 S.Ct. at 1178, *citing* Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Allen's actions in throwing a pitcher of water on Young, while unnecessary and un-called for, do not amount to anything more than a *de minimis* use of force. He did not allege, nor do the

medical records show, that he suffered any injury at all as a result of the incident. In Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1992), the inmate was sprayed by a fire hose in his cell, but suffered no injuries; the Fifth Circuit held, citing Hudson, that the spraying was *de minimis*. *See also* Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (use of force resulting only in a bruised ear which required no medical attention was *de minimis)*; Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) (handcuffing too tightly, without more, does not amount to excessive force). Young's claim of having a pitcher of water thrown on him does not set out a constitutional claim.

Young also complains that Allen spat on him. In Gill v. Tuttle, 93 Fed.Appx. 301, 2004 WL 605281 (2nd Cir., March 29, 2004), the Second Circuit held that the actions of an officer in spitting on an inmate did not rise above a *de minimis* use of force. *See also* DeMallory v. Cullen, 855 F.2d 442, 444 (7th Cir. 1988) (a correctional officer spitting on a prisoner did not rise to the level of a constitutional violation); Williams v. Gobles, 211 F.3d 1271, 2000 WL 571936 (6th Cir., May 1, 2000) (a correctional officer spitting at an inmate, threatening him, and directing racial slurs at him did not rise to the level of a constitutional violation); Owens v. SCDC, slip op. no. 8:09cv278, 2009 WL 4807005 (D.S.C., December 8, 2009) (a correctional officer yelling racial slurs and spitting in a prisoner's face did not rise to the level of a constitutional violation). In Hurd v. Beale, 60 F.3d 822, 1995 WL 391834 (4th Cir., July 5, 1995), the Fourth Circuit stated that "assuming that Hodges [the guard] spat at Hurd [the inmate] in November, this act did not violate the Constitution because any force used was *de minimis* and was not repugnant to the conscience of mankind."

In the same way, Allen's spitting on Young was unjustified and improper, but Young has not shown that this conduct amounts to a violation of the Constitution or laws of the United States. Hence, this claim also lacks merit.

Young further complains that Allen continues to threaten him. The Fifth Circuit has held that mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Bender v. Brumley, 1 F.3d 271, 274 n.3 (5th Cir. 1993); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983). The use of words, no matter how violent, does not

6

comprise a section 1983 violation. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973). Thus, Allen's threats do not themselves amount to a constitutional violation. Young's claims against Allen are without merit.

Young also stated that he wished to sue Major Kazmierczak and Warden Seale for failing to protect him. He states that Kazmierczak and Seale continue to allow Allen to work in Young's housing area, allowing her to continue threatening him. In addition, Young says that Seale and Kazmierczak both threatened him by saying that if he pursued the lawsuit, he would be punished, and they would make his life difficult.

A review of Young's grievances do not show that he has exhausted his administrative remedies for claims against Major Kazmierczak or Warden Seale. More pertinently, however, these claims lack merit on their face. Although he alleges that Kazmierczak and Seale are deliberately indifferent to his safety by allowing Allen to work there, this does not set out a constitutional violation. The Supreme Court has stated that

> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. ...
>
> But an official's failure to alleviate a significant risk which he should have perceived, but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer v. Brennan, 511 U.S. 825, 837-38, 114 S.Ct. 1970, 1979 (1994); *see* Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).

In this case, Young has not shown that Kazmierczak or Seale are aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. The investigation which was conducted turned up insufficient evidence to support Young's claims, and the mere fact that Young told Kazmierczak and Seale that Allen has been threatening him is not enough to show that the officials were deliberately indifferent to Young's safety by failing to move Allen to another part of the prison. *See generally* Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005) (no

constitutional duty to take such action on an inmate's complaint as the inmate believes appropriate). This contention is without merit.

Young also complains that Kazmierczak and Seale have threatened him with punishment if he pursues this lawsuit. The Fifth Circuit has held that threats made in retaliation for efforts to utilize the courts or the grievance procedures may violate the Constitution only when the threats or threatening conduct themselves result in a constitutional deprivation. *See* Lamar v. Steele, 698 F.2d 1286, 1286 (5th Cir. 1983) (opinion on suggestion for rehearing *en banc*). Young has not shown a constitutional violation resulting from the threats from Kazmierczak and Seale. His claim on this point is without merit.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Young's complaint lacks any arguable basis in law and fails to state a claim upon which relief may be granted. Consequently, his lawsuit may be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §1915A(b). *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the Clerk shall add Major Kazmierczak and Warden Seale to the docket of this cause as defendants in this case. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall send a copy of this opinion to the Administrator of the Three Strikes List for the Eastern District of Texas.

So **ORDERED** and **SIGNED** this **9** day of **April, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE